IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Alice Hill, o/b/o Helen Hill, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON SUMMARY** |
| | ) | **JUDGMENT MOTIONS** |
| vs. | ) | |
| | ) | Civil No. 3:06-cv-26 |
| Michael O. Leavitt, Secretary of the | ) | |
| United States Department of Health | ) | |
| and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are cross summary judgment motions (Docs. #11 and 13).

This case arises under the Medicare program, Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. Alice Hill, on behalf of her late mother Helen Hill, brought this action for judicial review of the Secretary of Health and Human Services' final decision denying Helen Hill's request for Medicate Part B reimbursement for the purchase of an automatic recliner.

## FACTS

Helen Hill suffered from numerous ailments, including Chronic Obstructive Pulmonary Disease ("COPD"), colon cancer, osteoarthritis, osteoporosis, peripheral vascular disease, glaucoma, and cataracts. She was required to sleep with her upper body elevated due to COPD. Additionally, she suffered dizziness and had trouble gaining balance when standing from a seated position. On the advice of her doctor, Helen purchased a reclining chair that operated automatically by remote control. A chair of this type was not available through Medicare suppliers, but the physician stated "Helen definitely needs this chair for comfort, getting around home and in lieu of a hospital bed." Helen indicated she occupied the chair approximately 90% of the time.

1

Helen originally filed her request for Medicare Part B reimbursement of a Durable Medical Equipment device purchase on November 11, 2003. After the claim was originally denied, Helen proceeded to exhaust her administrative appeals until she passed away on March 3, 2005. She was denied reimbursement each time. Helen's daughter, Alice Hill, sought review by an Administrative Law Judge ("ALJ"). The ALJ denied reimbursement, concluding that the recliner did not fit the definition of Durable Medical Equipment ("DME"), and noting that reimbursement is not available for "personal comfort" items. Alice appealed to the Medicare Appeals Council, which denied review. This action was promptly filed.

## ANALYSIS

A party is entitled to summary judgment only if it can show that no genuine issue of material fact exists. Quick v. Donaldson Co., 90 F.3d 1372, 1376 (8th Cir. 1996). A court views the facts in the light most favorable to the non-moving party, but mere allegations are insufficient to defeat summary judgment. Klein v. McGowan, 198 F.3d 705, 709 (8th Cir. 1999). The party opposing a motion for summary judgment may not rest upon mere allegations or denials; rather, the party must set forth specific facts showing a genuine issue for trial exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

This case is an appeal from an administrative decision by the Administrative Law Judge. Review is governed by the Administrative Procedure Act, 5 U.S.C. § 706, which requires a decision by the ALJ be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . [or] unsupported by substantial evidence."

Here, the ALJ concluded denial of benefits was appropriate because the recliner failed to meet the requirements of Durable Medical Equipment. DME is defined as "equipment which can

withstand repeated use; is primarily and customarily used to serve a medical purpose; generally is not useful to a person in the absence of an illness or injury; and is appropriate for use in the home." Medicare Benefit Policy Manual, Chapter 15, § 110.1. "All requirements of the definition must be met before an item can be considered to be durable medical equipment." Id. The ALJ concluded the chair did not fit the definition of DME, primarily because no evidence, other than Plaintiff's own representations and accounts about the chair, was provided to show the definition was met.

Contrary to the ALJ's conclusions, the Court does not assume the absence of details about the chair supports the denial of benefits. The record shows the chair was purchased on advice of the Helen Hill's treating physician. Furthermore, it is apparent that the physician found the chair to be more suitable for Hill's needs than a hospital bed or a seat lift mechanism, items which would have been reimbursable under Medicare Part B.

The Court believes the record tends to establish that the chair may fit the definition DME. Its durability is evidenced by the fact it lasted for the remainder of Helen Hill's life, being used 90% of the time. The fact that its use was prescribed by a physician tends to show the chair is customarily used to serve a medical purpose, and it is unclear how the chair would be useful to an average person without illness or injury. Although the absence of any sort of receipt or invoice prevents the Court from ordering reimbursement for Hill, it appears from the record that it may not have been Hill who omitted such documentation from the record.[1] Since it is unclear from the record whether the documentation was actually received by CIGNA, the Court cannot effectively determine whether its omission is the result of a clerical error made by CIGNA, the Department of

---

[1] A July 5, 2002 letter from Dr. Vetter to CIGNA states "A copy of the invoice is included and the completed form for Helen's claim." Administrative Record, p. 28. Although this letter is included in the administrative record, its attachments are not.

Health and Human Services, or Hill.

## DECISION

Plaintiff alleges the record overwhelmingly supports a finding that the recliner satisfied the definition of DME.  Based on this record, lacking an invoice, brand name, manufacturer name, model number, or technical specifications, the Court cannot agree with the Plaintiff.  Likewise, the Court cannot agree with the conclusion of the ALJ, "That the appellant [chose] not to furnish the identification information is the basis for [an] inference that the recliner would have significant [non]-medical uses for a person in the absence of an illness or injury," because the record appears to indicate the plaintiff intended to provide the information.  The matter should be further reviewed with an eye toward determining whether the information was ever actually in the files of the Department of Health and Human Services.

The Court is unable to adequately review this claim.  Therefore, the Court **ORDERS** Plaintiff's Motion for Summary Judgment be **DENIED**, and Defendant's Motion for Summary Judgment be **DENIED.**  This case is hereby **REMANDED** to the ALJ for review of the full and complete record in a manner consistent with this opinion.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/   Ralph R. Erickson
　　　　　　　　　　　　　　　　　　　　　　　　　　Ralph R. Erickson, District Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court