IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Alice Hill, o/b/o Helen Hill, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON MOTION** |
| | ) | **FOR RECONSIDERATION** |
| vs. | ) | |
| | ) | Civil No. 3:06-cv-26 |
| Michael O. Leavitt, Secretary of the | ) | |
| United States Department of Health | ) | |
| and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's motion for reconsideration (Doc. #21). Plaintiff filed a brief in response (Doc. #23).

## FACTS

Helen Hill suffered from numerous ailments, including Chronic Obstructive Pulmonary Disease, colon cancer, osteoarthritis, osteoporosis, peripheral vascular disease, glaucoma, and cataracts. On the advice of her doctor, Helen purchased a remote control recliner that would allow her to sleep with her upper body elevated and help her gain balance when standing from a seated position. A chair of this type was not available through Medicare suppliers. Helen indicated she occupied the chair approximately 90% of the time.

Helen originally filed her request for Medicare Part B reimbursement of a Durable Medical Equipment device purchase on November 11, 2003. After the claim was denied, Helen proceeded to exhaust her administrative appeals until she passed away on March 3, 2005. She was denied reimbursement each time. Helen's daughter, Alice Hill, sought review by an Administrative Law Judge ("ALJ"). The ALJ denied reimbursement, concluding that the recliner did not fit the

1

definition of Durable Medical Equipment ("DME"), and noting that reimbursement is not available for "personal comfort" items. The ALJ relied primarily on the absence of identifying information, supposing that the absence of such information supported an inference that the chair would not meet the qualifications for DME. Alice appealed to the Medicare Appeals Council, which denied review. The instant case was filed in federal court.

Both parties moved for summary judgment, and the Court denied both motions, remanding to the ALJ for full and complete review of the administrative record. The Court reasoned that although neither party carried its burden in showing its entitlement to summary judgment, remand was necessary because it appeared the ALJ had not reviewed the full and complete record. The Department of Health and Human Services moved for reconsideration of the Court's order and judgment.

## ANALYSIS

The ALJ has a duty to fully and fairly develop the record, including seeking clarification when a crucial issue is underdeveloped. See Goff v. Barnhart, 421 F.3d 785, 791 (8th Cir. 2005). Here, the sole issue before the ALJ was whether Ms. Hill's chair qualified as DME. The identifying characteristics about the chair – its make, model, features, etc. – were crucial as to this determination. The ALJ wrote a short opinion denying Medicare Part B reimbursement. The opinion focused on the lack of an invoice or other identifying information as to Ms. Hill's chair.

The Court acknowledges that in its previous Order denying summary judgment, it relied on the letter from Dr. Vetter that referenced an attached invoice. However, the Court is not persuaded that its Order was entirely incorrect. It seems possible that at some point, CIGNA or the Department of Health and Human Services was in possession of some sort of invoice, receipt, or other

documentation.  Nothing in the administrative record indicates such documentation was lacking when the claim was initiated or that requests were made for such documentation.  Why the receipts or requests for supplementation are not in the record (whether due to inadvertence on the part of the claimant or the failure of the ALJ to develop the record) is unclear.

It is not apparent whether an adequate attempt to fully develop the record on what appears to be the "crucial issue" was made.  A September 22, 2005 letter (A.R. 14) stating Ms. Hill's "right to a hearing to present further evidence" does not appear to have clearly stated the fundamental problem – that the record lacks virtually any information, other than Ms. Hill's own statements, regarding the functions, manufacturing information, or intended purposes of the chair.  No other documentation seems to have filled this information void.  Although the ALJ and Defendants state Ms. Hill had numerous opportunities to supplement the record, the Court can find no actual evidence in the record that this information was requested or its absence was even mentioned until the ALJ's opinion was issued.

## DECISION

This matter should be further reviewed following full development of the record.  If it is determined that Plaintiff never, in fact, submitted a receipt or invoice, make and model, or any other manufacturing information, she should be directed to provide the invoices and identifying information to the Department of Health and Human Services so that the ALJ is able to develop and review the entire record.

For the above reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration is **GRANTED**, in part, to the extent that Ms. Hill shall be directed to supply the necessary identifying information as requested to fully develop the record.  In all other respects, the

Court's original Order stands and the Defendant's motion is **DENIED**.

    **IT IS SO ORDERED.**

    Dated this 9th day of April, 2007.

                                                 /s/   Ralph R. Erickson  
                                           Ralph R. Erickson, District Judge  
                                           United States District Court